IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LONNIE SOMERVILLE             §
TDCJ No. 2027525,             §
                             §
            Petitioner,       §
                             §
V.                            §              No. 3:20-cv-2408-K-BN
                             §
DIRECTOR, TDCJ-CID,           §
                             §
            Respondent.       §


**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Lonnie Somerville, a Texas prisoner, was convicted by a jury in

Dallas County of aggravated assault with a deadly weapon, enhanced with two prior

felony convictions. *See State v. Somerville*, F-1476272-I (Crim. Dist. Ct. No. 2, Dallas

Cnty. Tex. Oct. 9, 2015); Dkt. No. 14-1 at 26. The jury sentenced him to 72 years'

imprisonment. *Id.* The convictions and sentence were affirmed on direct appeal.

*Somerville v. State*, No. 05-16-00056-CR, 2016 WL 7321436 (Tex. App. – Dallas, Dec.

16, 2016, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") then refused

Somerville's petition for discretionary review. *See Somerville v. State*, PDR No. 0078-

17 (Tex. Crim. App. Apr. 26, 2017). And the TCCA – with two judges indicating they

would grant the writ – denied Somerville's state habeas application without written

order on the findings of the trial court without hearing and on the court's independent

review of the record. *See Ex Parte Somerville*, WR-88,432-01 (Tex. Crim. App. Apr.

22, 2020); Dkt. No. 14-1 at 3.

1

Somerville now asserts, through a timely *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, that the TCCA's adjudication of his prior claims was unreasonable. *See* Dkt. No. 3; Dkt. No. 9.

United States District Judge Ed Kinkeade referred the Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 28 U.S.C. § 636(b) and a standing order of reference. The State responded, and Somerville replied. *See* Dkt Nos. 14, 19. For the following reasons, the Court should deny Somerville's federal habeas petition.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are

exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on

their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted)). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only

4

the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal

quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not

only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny

relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

Somerville claims that his trial counsel was ineffective for failing to: (1) convey a plea offer; (2) inform Somerville of the State's evidence against him; (3) properly conduct the *voir dire*; (4) refrain from impeaching Somerville with an inadmissible prior conviction; (5) object to the jury charge's failure to properly set forth enhancement paragraphs; and (6) properly investigate the DNA evidence. *See* Dkt. No. 3 at 6-9.

The Court reviews the merits of properly exhausted IAC claims, whether directed at trial or appellate counsel, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good enough'" – "'was [1] objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that

counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment'
that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish
prejudice, a defendant must show 'that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting
*Strickland*, 466 U.S. at 694).

 "A conscious and informed decision on trial tactics and strategy cannot be the
basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that
it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d
746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir.
2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's
trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance; that is, the defendant
must overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

 And, "[j]ust as there is no expectation that competent counsel will be a flawless
strategist or tactician, an attorney may not be faulted for a reasonable miscalculation
or lack of foresight or for failing to prepare for what appear to be remote possibilities."
*Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a
state court's denial of habeas relief under AEDPA that they are required not simply
to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the
range of possible reasons [petitioner's] counsel may have had for proceeding as they

did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court has adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly so.'" (internal quotation marks and citations omitted)). In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in

11

these claims under *Strickland. See id.* at 101-02. Instead, on federal habeas review of a *Strickland* claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.[1]

## A.  Failure to Convey Plea Offer

Somerville claims his trial attorney was ineffective for failing to convey to him a plea offer of 30 years. *See* Dkt. No. 3 at 6; Dkt. No. 9 at 6. "It is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment's right to effective assistance of counsel.'" *United States v. Scribner*, 832

---

[1] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court has already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."' Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

F.3d 252, 257-58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). *Strickland's* two-prong test therefore "applies to [Somerville's] claim that his counsel was ineffective in failing to communicate [the plea offer]." *Banks v. Vannoy*, 708 F. App'x 795, 799 (5th Cir. 2017) (per curiam) (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012) "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.")). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Frye*, 566 U.S. at 145.

In evaluating this claim, the state trial court (and later the TCCA) considered competing affidavits from Somerville and his trial counsel, as well as the trial transcript. In his affidavit, Somerville claimed that his trial attorney told him about a 40-year plea offer – not a 30-year offer, which he only learned of after it expired. Somerville maintains that, had he been presented with the 30-year offer, he would have taken it. *See* Dkt. No. 16-27 at 46. On the other hand, Somerville's trial counsel stated that while "I do not specifically recall if I communicated the State's offer of 30 years to Mr. Somerville… I do recall that Mr. Somerville said he wouldn't plead guilty

to something he did not do. He said he didn't know anything about it." Dkt. No. 14-1

at 149. The trial transcript reads in pertinent part, as follows:

> The Court:    Okay. Is there any plea bargain offer on the table?
>
> State's Attorney:    Judge, the State had a 30-year offer. That 30-year offer was rejected by the Defense.
>
> The Court:    Okay. Mr. Somerville, do you understand what's going on here?
>
> Somerville:    Somewhat. I've been trying to figure out – I haven't seen my attorney. I talked to him on video conference last year, September the 15th of 2014, for maybe 10, 15 minutes, at the most. Yesterday, he showed up and said that we were going to trial and asked me what did I want to do and stated the offer of 40 years, aggravated.
> …
>
> The Court: Okay. Well, apparently, I don't know where you came up with 40 years, but I just heard the prosecutor say the offer is 30.
>
> Somerville:    From my attorney.
>
> The Court:    The offer apparently, today, is 30 years, if you want to take it.
> …
>
> The Court:    Well, why don't you go back and talk to [your attorney] this afternoon. And if you decide you want to take the 30 years – How long is this offer going to be –
>
> State's Attorney:    Judge, that offer is no longer on the table.

Dkt. No. 16-6 at 8-10.

Considering the record, the state trial court on habeas review noted in its

findings of fact that: "Price does not specifically recall informing Applicant of the

State's plea bargain offer of 30 years. However, he does recall that Applicant informed

him that he would not plead guilty to something he did not do. Applicant claimed to

have no knowledge of the offense. Further, the prosecutor indicated that Applicant rejected the 30-year plea bargain offer." Dkt. No. 14-1 at 146.

The state trial court appeared to make implicit findings on this issue that the TCCA adopted. First, that Somerville told his attorney that he would not plead guilty because he knew nothing about the offense, and, therefore, that Somerville would not have accepted the 30-year offer. And second, that the 30-year offer was communicated to Somerville, who rejected it. These factual findings are presumed to be correct on federal habeas review and this presumption may only be disturbed if the petitioner rebuts them with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

To that end, Somerville argues that the state trial court misconstrued the portion of the trial transcript that it used to find that he was presented with the plea offer and rejected it. Somerville argues that the exchange shows that the offer was only communicated to *his attorney*, who rejected it without telling him about it. *See* Dkt. No. 19 at 5. While perhaps that is a plausible interpretation of the phrase "rejected by the defense," it is not the only one. It is also reasonable to assume, as the state trial court apparently did, that "rejected by the defense" meant rejected by Somerville. At bottom, Somerville has not presented clear and convincing evidence that the state trial court's finding, adopted by the TCCA, that he rejected the plea offer was wrong. Given this factual finding, the TCCA did not unreasonably apply *Strickland* in rejecting this claim.

Alternatively, the TCCA might have rejected this claim on the prejudice prong of the analysis. Somerville does not dispute that he told his attorney that he would

not plead guilty to something he did not do and that he knew nothing of the crime; he maintains in conclusory fashion that he would nevertheless have taken the plea deal. Dkt. No. 19 at 7. This very factual dispute was presented to the state trial court, which implicitly determined that, in line with Somerville's statements to counsel, he would not have accepted the plea deal. Somerville presents no clear and convincing evidence here to show this determination was incorrect – he simply points to his protestations in his state court affidavit, which the state trial court did not credit. *See*, *e.g.*, *Garvey v. Director*, CIV. A. No. 6:15cv444, 2016 WL 6441608, at *4 (E.D. Tex. Nov. 1, 2016) (rejecting IAC claim premised upon the failure to disclose a plea offer where the petitioner rejected the initial plea offer and the only evidence that he would have accepted the second offer was his bare and conclusory assertions) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.5 (5th Cir. 1983) (bald assertions on critical issues, unsupported and unsubstantiated by anything else contained in the record, lack probative evidentiary value); *Green v. Johnson*, 160 F.3d 1029, 1040 (5th Cir. 1998) (conclusory assertions are insufficient to show the prejudice required to demonstrate ineffective assistance of counsel)). Nor does Somerville point to anything to establish that the 30-year agreement would have been entered without the State canceling it, even if he would have accepted it.

In sum, to the extent that the TCCA's rejection of this claim was due to Somerville's failure to show prejudice, this was not an unreasonable application of *Strickland*.

16

### B. Failure to inform Somerville of the State's evidence against him.

Somerville's second IAC ground for relief is that his attorney did not inform him of the evidence against him, which hindered his ability to decide whether to go to trial or plead guilty. *See* Dkt. No. 3 at 6. This claim is conclusory. Somerville does not specify what evidence his attorney failed to inform him of. Without such specificity, the undersigned cannot conclude that Somerville's trial counsel was ineffective. *See*, *e.g.*, *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (noting that conclusory allegations on a critical issue are insufficient to raise a constitutional issue) (citations omitted). Nor can Somerville show prejudice, as he does not allege that the result of the proceeding would have been different – that is, that he would not have gone to trial and instead plead guilty – had he known of certain evidence. *See*, *e.g.*, *United States v. Verdin-Garcia*, Nos. 05-20017, 09-2492, 2010 WL 1643737, at *4 (D. Kan. Apr. 20, 2010). The TCCA did not unreasonably apply *Strickland* in rejecting Somerville's second IAC ground for relief.

### C. Failure to probe bias against nature of case on *voir dire*

Somerville's third IAC ground for relief is that his counsel failed to ask questions on *voir dire* about potential bias "towards the nature of the case" and whether any potential jurors had been a victim of sexual assault in the past. *See* Dkt. No. 3 at 7; Dkt No. 9 at 11. But Somerville does not allege that any potential jury members *did* harbor a bias against the "nature of the case," or were victims of sexual assault. So, even if the failure to ask these questions was ineffective, Somerville has

not shown prejudice, and the TCCA's rejection of this ground for relief was not an unreasonable application of *Strickland*.

### D. Failure to refrain from impeaching Somerville with an inadmissible prior conviction.

Somerville's fourth IAC ground for relief is that his attorney was ineffective for impeaching him with his own prior convictions – a 1986 assault with a deadly weapon conviction and a 1996 robbery conviction. *See* Dkt. No. 3 at 7. By way of background, before Somerville took the stand, the State asked his trial counsel whether he wanted a hearing on the admissibility of prior conviction, to which he responded, "no…we'll get into them too." Dkt. No. 16-9 at 48. He then backtracked and moved the trial court to find that the 1986 conviction was inadmissible. The trial court denied that motion. Somerville's trial counsel then elicited the convictions on direct examination:

> Q.   Before you get started, like when Mr. Ellis started to testify, he has a criminal history. You have some criminal history, too, don't you?
>
> A.   Yes sir.
>
> Q.   You're not an angel?
>
> A.   No sir.
>
> Q.   In fact, right now, you're on parole for a case out of '96, right?
>
> A.   Yes, sir.
>
> Q.   And in '86, let's see, almost 20 years ago, you had a case, assault/deadly weapon case; is that correct?

Dkt. No. 16-9 at 51-52.

The undersigned cannot conclude that the TCCA's rejection of this claim was an unreasonable application of *Strickland*. "A trial lawyer's decisions as to whether and how to present a defendant's prior convictions are quintessential acts of trial strategy, and, as a result, are entitled to great deference on review." *Cameron v. Vannoy*, Civ. A. No. 18-9502, 2020 WL 2520714, at *17 (E.D. La. May 18, 2020) (citing *United States v. Sylvester*, Civ. Action No. 04-094, 2012 WL 3990288, at **16-17 (E.D. La. Sept. 11, 2012) (finding counsel's "strategic decision" not to stipulate to client's prior convictions was not ineffective); *Davis v. Dretke*, Civ. Action No. H-04-2380, 2006 WL 1662956, at **4-5 (S.D. Tex. June 7, 2006) (finding counsel's decision to address client's convictions on direct examination was not ineffective). Such informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless they are so ill-chosen that they permeate the entire trial with obvious unfairness. *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Somerville has not made that showing here. A reasonable attorney might have concluded that it would be better to preemptively disclose the convictions rather than wait for the State to delve into them on cross examination. *See, e.g. Davis*, 2006 WL 1662956, at *6; *Medeiros v. Rackley*, Case No. 1:16-cv-01644-SAB-HC, 2018 WL 910518, at *18 (E.D. Cal. Feb. 14, 2018) (rejecting IAC claim premised upon trial counsel's decision to question the defendant on prior convictions on direct examination because the petitioner did not overcome the presumption that the challenged action might be considered sound trial strategy) (citations omitted). The

19

state habeas court's rejection of Somerville's fourth IAC ground for relief was not an unreasonable application of *Strickland*.

### E. Failure to object to the jury charge's failure to properly set forth enhancement paragraphs.

Somerville's fifth IAC ground for relief is that his counsel was ineffective for "fail[ing] to object to [the] jury charge's failure to accurately set forth [the] proper sequential order of prior convictions for enhancement purposes" pursuant to Texas Penal Code § 12.42(d). *See* Dkt. No. 3 at 8; Dkt. No. 9 at 16-21. Somerville admits that he did not frame this as an IAC claim in his PDR or state habeas application, instead claiming that it was trial court error to allow the jury charge. *See* Dkt. No. 9 at 16. He claims, though, that, to the extent this failure to exhaust results in a procedural default, he can establish cause for the default under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). The undersigned cannot agree.

"To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). "The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." *Id.* (citations omitted). Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735, n.1 *(1991). And Texas law precludes successive habeas claims except in narrow

circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See Barrientes v. Johnson*, 221 F.3d 741, 758 n.9 (5th Cir. 2000). Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits by this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). An exception to the procedural bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The undersigned agrees with Somerville that he did not exhaust this claim. Although his PDR focused on the impropriety of this jury charge, the argument was framed as a one of trial court error and not ineffective assistance of counsel. *See* Dkt. No. 16-18 (PDR brief); Dkt. No. 16-26 at 27-44 (state habeas application). So, the legal theory presented here is different, and the claim is not exhausted for federal habeas purposes. *See, e.g.*, *Fletcher v. Stephens*, Civ. A. No. SA-5-14-CV-00983-XR, 2015 WL 4404933, at *8 (W.D. Tex. July 17, 2015) ("While two of Fletcher's state claims share a factual nexus with federal claims 1 and 10, they are supported by different legal theories: the former are ineffective assistance of counsel claims while the latter are

21

trial court error claims. This difference means claims 7 and 10 were not properly exhausted."). Somerville points to *Martinez* – which was expanded to Texas prisoners by *Trevino* – to excuse the procedural default.

> "In *Martinez*, the Supreme Court held,
>
>> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review of collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
>
> [566 U.S. at 17]. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition."

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 569 U.S. at 428-29), *abrogated on other grounds by Ayestas v. Davis*, 138 S.Ct. 1080 (2018). To show a claim is "substantial," a petitioner must show that the "claim has some merit." *See Martinez*, 566 U.S. at 14.

Here, the *Martinez* exception is inapplicable because Somerville has not shown this IAC claim has some merit. The enhancement paragraphs set out in the notice of amended enhancement paragraphs, which supplemented the indictment, read, as follows:

> Enhancement Paragraph One: and it is further presented in and to said Court, that prior to the commission of the aforesaid offense set out above, the defendant was finally convicted of the felony offense of Robbery, in the 338th District Court of Harris County, Texas in Cause Number 712253, on the 11th day of April, 1996,
>
> Enhancement Paragraph Two: and that prior to the commission of the aforesaid offense for which the defendant was convicted as set out above,

the defendant was finally convicted of the felony offense of Aggravated Assault, in the 182nd District Court of Harris County, Texas, in Cause Number 437004 on the 14th day of July, 1986[.]

*Somerville*, 2016 WL 7321436, at * n.1.

As the Dallas Court of Appeals noted, these paragraphs indicate that the enhancement convictions were sequential pursuant to Texas Penal Code § 12.42(d), which requires that a defendant have been previously (that is, before the crime for which he is currently charged) finally convicted of two felonies, with the second prior felony conviction for an offense that occurred after the first became final. The enhancement paragraphs were read to Somerville in the presence of the jury after he was convicted. He plead true to the first enhancement paragraph (the 1996 robbery) and not true to the second enhancement paragraph (the 1986 aggravated assault). And "[t]o prove the enhancement allegations, the State offered a certified copy of appellant's penitentiary packet as well as certified copies of judgments and sentences and then connected appellant to the documents through fingerprint evidence. The documents included the 1996 robbery indictment, which alleged two prior felony convictions – the 1986 robbery and a 1992 conviction for possession of a controlled substance – and also alleged the 1986 robbery became final prior to the 1992 conviction. The judgment in the robbery case shows appellant pleaded true to both enhancement paragraphs. The evidence therefore established the convictions were sequential." *Somerville,* 2016 WL 7321436, at *1

As for the jury charge, the abstract portion tracked the allegations of the notice of amended enhancement paragraphs and referred to the enhancement allegations

as Paragraphs Two and Three of the indictment; instructed the jury that Somerville pleaded true to Paragraph Two and not true to Paragraph Three; and instructed the jury to find the allegations of Paragraph Two to be true. *See* Dkt. No. 14-1 at 17-21. The application paragraph, although not specifically stating that the jury needed to find the 1986 conviction was final before the 1996 offense occurred, says that, "[i]f you have found from the evidence beyond a reasonable doubt that the allegations in Paragraph Two of the indictment (as stated above) and Paragraph Three of the indictment (as stated above) are both true, you will so state in your verdict and assess the punishment of the defendant at confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 25 years." *See id.* at 19.

In finding these instructions appropriate, the Dallas Court of Appeals referenced *Damian v. State*, 776 S.W.2d 659, 665-66 (Tex. App. – Houston [14th Dist.] 1989, pet. ref'd). The jury charge's application paragraphs in *Damian* did not charge the jury with specifically finding that the first prior conviction was final before the second offense was committed, either. *See id.* at 665. But the indictment – like the notice of amendment of enhancement paragraphs here – did allege that the first conviction was final before the second offense was committed. *See id.* And the jury charge – again like the charge here – directed the jury to refer to the enhancement paragraphs as alleged in the indictment and confirmed that the State needed to prove the enhancement paragraphs, along with the required standard of proof. *See id.* The *Damian* court held such a jury charge complied with Texas law.

Somerville argues that there is jurisprudence to the contrary, particularly *Rice v. State*, 746 S.W.2d 356 (Tex. App. – Fort Worth 1988 pet. ref'd) (op. on reh'g) and *Jordan v. State*, 256 S.W.3d 286 (Tex. Crim. App. 2008). But *Jordan* is inapposite: it dealt with the sufficiency of evidence supporting a finding of sequential convictions – not the propriety of the jury charge. *See Jordan*, 256 S.W.3d at 288. As noted above, there is evidence that Somerville's prior convictions were final and sequential.

As for *Rice*, the application paragraph did not repeat the specifics of the prior convictions, it simply instructed the jury that that if it believed from the evidence beyond a reasonable doubt that the allegations set forth in the enhancement paragraphs (which did set out the relevant dates, causes, numbers, offenses, and sequence of finality) were true, it should assess punishment at confinement for any term of years not less than 25, nor more than 99, or life. *See Rice*, 746 S.W.2d at 359. Because the charge failed to apply the law to the facts by setting out the details of and the sequencing of the prior convictions in the application paragraph, the court held the charge was improper, (only to affirm the conviction on a harmless error review).

To the extent that there is conflict within Texas jurisprudence as to the propriety of the type of charge used in this case, this undermines an IAC claim because courts are reluctant to find ineffective assistance of counsel when the state of the law is uncertain. *See, e.g., Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (noting, in rejecting an IAC claim, the general principle that an attorney is not liable for an error of judgment on an unsettled proposition of law); *Ex parte Chandler*,

182 S.W.3d 350, 359 (Tex. Crim. App. 2005) ("[C]ounsel's performance will be measured against the state of the law in effect during the time of trial and we will not find counsel ineffective where the claimed error is based on unsettled law."). The undersigned cannot conclude that Somerville's trial counsel was ineffective for failing to object to the jury charge when Texas intermediate courts have reached different conclusions about the legality of such charges. Relatedly, Somerville cannot show prejudice, because as the above discussion shows, it is not clear that the trial court would have sustained any objection to the jury charge or that the charge would have been found improper on appeal. Somerville's fifth IAC claim lacks "some merit," so *Martinez* does not apply, and the claim is procedurally defaulted.

Finally, although Somerville recognized the procedural default issue in his own brief, the State did not raise it. To the extent that the undersigned's analysis of the issue could be considered *sua sponte*, the time in which to file objections to these findings, conclusions, and recommendation affords Somerville an adequate opportunity to oppose procedural default. S*ee Magourik v. Phillips*, 144 F.3d 348, 357-59 (5th Cir. 1998).

## F.  Failure to properly investigate DNA Evidence

In his final IAC ground for relief, Somerville claims his trial counsel was ineffective for not testing his vehicle's steering wheel and bullet casings for DNA evidence. *See* Dkt. No. 3 at 9. In rejecting this claim, the TCCA adopted the findings of the state trial court, which found that Somerville's trial counsel did not test the evidence as a matter of trial strategy. Specifically, Somerville's trial counsel thought

26

the strongest evidence for Somerville was the lack of physical evidence tying him to the offense, and he argued at trial that the police did a sloppy investigation of the case and did not conduct proper evidence gathering or forensic testing. *See* Dkt. No. 14-1 at 147.

The TCCA's rejection of this ground for relief was not an unreasonable application of *Strickland* because the decision not to test for DNA evidence might have been part of a trial strategy to undermine the State's case by pointing to a lack of physical evidence and a sloppy investigation. *See Bell v. Cone*, 535 U.S. 685, 698 (2002) (noting that, to prevail on an ineffective assistance of counsel claim, the defendant or petitioner must overcome the "presumption that, under the circumstance, the challenged action 'might be considered sound trial strategy.'"). The decision to highlight the lack of physical evidence connecting Somerville to the crime and the State's shoddy investigation, as opposed to rolling the dice on DNA evidence, was not so ill chosen that it tinged the trial with obvious unfairness. *See, e.g., Rios v. Bradt*, 13-CV-4442 (MKB) (LB), 2020 WL 5709158, at *10 (E.D.N.Y. Sept. 24, 2020) ("The decision of whether or not to obtain DNA testing is a matter of strategic choice to be made by trial counsel depending on the circumstances.") (citing *Dearstyne v. Mazzuca*, 48 F.Supp.3d 222, 268 (N.D.N.Y. 2011)).

The TCCA did not unreasonably apply *Strickland* in rejecting Somerville's sixth IAC ground for relief.

## Recommendation

The Court should deny Somerville's application for a writ of habeas corpus.

27

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: February 17, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

28